IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

FRANK ANZALONE,

    PLAINTIFF,

VS.                                                              CV NO.: 1:21-cv-00014

UNITED BANK,

    DEFENDANT.                                    JURY TRIAL DEMANDED

COMPLAINT

## I. JURISDICTION

1.    This action for injunctive relief and damages is brought pursuant to 28 U.S.C. §§ 1331, 1343(4), 2201, 2202, 29 U.S.C. § 2617(a)(2). This is a suit authorized and instituted pursuant to the "Family and Medical Leave Act of 1993," 29 U.S.C. § 2601, *et. seq.* ("FMLA"). The jurisdiction of this Court is invoked to secure protection for and to redress the deprivation of rights secured by the FMLA and the "Emergency Family and Medical Leave Expansion Act" (EFMLEA), and Defendant's violation of the Acts and for injunctive relief and damages.

2.    Defendant, United Bank, (hereinafter "Defendant") is an entity subject to suit under 28 U.S.C. § 1331 and 29 U.S.C. § 2617(a)(2). Defendant employed at least fifty (50) persons for each working day during each of 20 or more calendar

workweeks in the current or preceding calendar year. Defendant employed these fifty (50) employees within 75 miles of Plaintiff's worksite.

    3.    The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343(4), 2201 and 2202 and pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*. District Court jurisdiction exists pursuant to 29 U.S.C. §§ 216(b) and 217 and 28 U.S.C. § 1331. The jurisdiction of this Court is invoked to secure the protection and redress the deprivation of rights secured by the FLSA and the Emergency Paid Sick Leave Act.

## II. PARTIES

    4.    Plaintiff, Frank Anzalone, (hereinafter "Plaintiff") is a resident of Foley, Baldwin County, Alabama, and performed work for the Defendant in the counties composing the Southern District of Alabama during the events of this case. Plaintiff was an employee within the contemplation of 29 U.S.C. § 203(e)(1). Thus, pursuant to 28 U.S.C. § 1391(b), venue for this action lies in the Southern District, Southern Division.

    5.    Defendant UNITED BANK. (hereinafter "Defendant") is a company registered and doing business in the State of Alabama and has sufficient minimum contacts with the State of Alabama that it is subject to service of process in Alabama. Defendant is an entity subject to suit under 28 U.S.C. § 1331 and 29 U.S.C. § 2601, *et seq*. Defendant employed at least fifty (50) persons during the current or

preceding calendar year. Therefore, this Court has personal jurisdiction over Defendant.

6. Defendant United Bank ("Defendant") is a company registered and doing business in the State of Alabama and has sufficient minimum contacts with the State of Alabama that it is subject to service of process in Alabama. Defendant is engaged in commerce from the production of goods as contemplated by 29 U.S.C. §§ 203(r), 203(s). Therefore, this Court has jurisdiction over Defendant.

### III. STATEMENT OF FACTS

7. Plaintiff hereby incorporates by reference each of the allegations contained in paragraphs 1 through 6 above.

8. Defendant hired Plaintiff on or about September 10, 2012.

9. Defendant employed Plaintiff as a Maintenance Technician.

10. Defendant terminated Plaintiff's employment on July 8, 2020.

11. On March 18, 2020, President Trump signed into law the Families First Coronavirus Response Act, which included "The Emergency Family and Medical Leave Expansion Act" (EFMLEA), which amends Title I of the Family and Medical Leave Act, 29 U.S.C. § 2601 *et seq.* (FMLA), permitting certain employees to take up to twelve weeks of expanded family and medical leave for specified reason related to COVID-19.

12. On March 18, 2020, President Trump signed into law the Families First Coronavirus Response Act, which included "The Emergency Paid Sick Leave Act" (EPSLA), which amends the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* (FLSA), mandating certain employers provide two weeks of paid leave.

13. On April 1, 2020, the United States Department of Labor's Wage and Hour Division Administrator issued regulations related to the Families First Coronavirus Response Act, the EPSLA, and the EFMLEA and such regulations are cited as 29 C.F.R. §§ 826.10-826.153.

14. The effective regulations codified as 29 C.F.R. §§ 826.10-826.153 became operational on April 1, 2020.

15. The effective regulations codified as 29 C.F.R. §§ 826.10-826.153 are effective form April 2, 2020 through December 31, 2020.

16. During the 12-month period prior to July 7, 2020, Defendant employed Plaintiff for at least 1,250 hours of service.

17. Defendant employed fifty (50) or more persons for each working day during each of the 20 or more calendar workweeks in the current or preceding calendar year of 2019 and/or 2020.

18. During the week of July 7 2020, Defendant employed fifty or more employees that worked within 75 miles of the location where Defendant assigned Plaintiff to work.

19. Prior to July 7, 2020, Plaintiff had never previously informed Defendant of the need for FMLA leave to care for himself, his children, or a spouse.

20. Defendant failed to post any notice of EFMLEA rights as required by 29 C.F.R. § 826.80(c).[1]

21. Defendant failed to post any notice of EPLSA rights as required by 29 C.F.R. § 826.80(c).[2]

22. Defendant is a private employer as defined by 29 C.F.R. § 826.40(a).

23. Defendant employs fewer than 500 employees.

24. On July 6, 2020, Plaintiff sought treatment from the Thomas Hospital Emergency Room.

25. Plaintiff notified Defendant of his health condition.

26. The Thomas Hospital Emergency Room staff informed Plaintiff not to return to work until July 8, 2020 and to only return if he received a negative COVID-19 test.

27. On July 7, 2020, Plaintiff had been advised by a health care provider to self-quarantine based on the belief that Plaintiff's contracted COVID-19 due to a positive test for the virus.

---

[1] https://www.dol.gov/sites/dolgov/files/WHD/posters/FFCRA_Poster_WH1422_Non-Federal.pdf
[2] https://www.dol.gov/sites/dolgov/files/WHD/posters/FFCRA_Poster_WH1422_Non-Federal.pdf

28. Defendant employed Jessica Lowell.

29. Lowell worked in Defendant's Human Resources Department.

30. On July 7, 2020, Plaintiff contacted Jessica Lowell and informed her of his positive test for COVID-19.

31. Plaintiff informed Lowell that he was not allowed to return to work for two weeks.

32. Shortly thereafter, Lowell telephoned Plaintiff and stated she would connect the line with Gwen Braden.

33. Braden is Defendant's Executive Vice President-Chief Operations Officer.

34. Braden connected the phone and then terminated Plaintiff's employment.

35. Braden stated that two female employees claimed they asked Plaintiff to put on a mask and because the employees had to ask the question, Defendant terminated Plaintiff's employment.

36. Braden refused to disclose the details of this accusation, including the identity of the two female employees or the location of the branch where this alleged incident occurred.

37. Defendant failed to provide Plaintiff with a mask to wear in the workplace.

38. Defendant's policy during July 2020 was to lock the doors of the bank's branches such that no one could enter without wearing a mask, meaning Plaintiff could not enter without wearing a mask.

39. Defendant's branch locations were supplied with disposable masks for customers that arrived by appointment, such that if Plaintiff arrived at the branch and the branch employees wanted Plaintiff to wear a mask, the Defendant had the supplies necessary to provide one.

40. Defendant's branch employees routinely removed their masks when customers were not present.

41. Defendant's employees working at its corporate headquarters routinely did not wear masks or otherwise removed their masks if customers/clients were not present.

42. On many occasions, Defendant's branch employees told Plaintiff that he did not need to wear a mask if customers were not present.

43. Defendant maintains security cameras at all of its branches, such that recordings show that employees routinely do not wear a mask at all times; yet those employees are not terminated for failure to wear a mask.

44. Defendant failed to provide Plaintiff with a Certification of Health Care Provider for Employee's Serious Health Condition.

45. Defendant failed to provide Plaintiff with a Notice of Eligibility and Rights and Responsibilities form.

46. Defendant failed to provide Plaintiff with an FMLA Designation Notice form wherein such notice would have informed Plaintiff that (1) his request for FMLA notice was not approved, (2) that the FMLA did not apply to his request; or, (3) he had exhausted his previous use of FMLA.[3]

47. Defendant terminated Plaintiff's employment on July 7, 2020.

48. But for Plaintiff's admission to the hospital to care for COVID-19 and need to take EFMLEA leave due to his illness, Defendant would not have terminated Plaintiff's employment.

49. But for Plaintiff's admission to the hospital to care for COVID-19 and need to take FMLA leave due to his illness, Defendant would not have terminated Plaintiff's employment.

50. Prior to Plaintiff's contraction of the COVID-19 virus and hospitalization, Defendant had never issued any disciplinary write-ups to Plaintiff because of his work performance.

51. Pursuant to 29 C.F.R. § 826.151(a), Plaintiff engaged in the exercise of his rights wherein he attempted to take leave under the EFMLEA.

---

[3] https://www.dol.gov/sites/dolgov/files/WHD/legacy/files/WH-382.pdf

52. Following Plaintiff's notice that he had contracted COVID-19, Defendant failed to pay Plaintiff eighty (80) hours of pay pursuant to 29 C.F.R. § 826.22.

## IV. COUNT ONE –ELFMEA INTERFERENCE & RETALIATION

53. Plaintiff adopts by reference each and every material averment contained in paragraphs 1 through 52 above as if fully set forth herein.

54. In violation of 29 U.S.C. § 2615, Defendant discharged Plaintiff's employment after informing his employer of his diagnosis related to COVID-19 and interfered with his ability to take leave made possible by the EFMLEA.[4]

55. Defendant's decision to terminate Plaintiff's employment is not wholly unrelated to his attempt to exercise EFMLEA rights.

56. Defendant's actions in terminating Plaintiff's employment is a tangible adverse job action such that other employees of Defendant might well be dissuaded in the future from seeking to exercise rights made available pursuant to the EFMLEA.

57. As a result of Defendant's discriminatory termination decision in violation of the EFMLEA, Plaintiff has been damaged, suffering loss of pay and benefits.

---

[4] See 29 C.F.R. §§ 826.20(1)(a)(ii), 826.20(3)(i)(A)

## V. COUNT TWO – FMLA INTERFERENCE & RETALIATION

58.     Plaintiff adopts by reference each and every material averment contained in paragraphs 1 through 57 above as if fully set forth herein.

59.     In violation of 29 U.S.C. § 2615, Defendant discharged Plaintiff's employment after informing his employer of his diagnosis related to COVID-19 and interfered with his ability to take leave made possible by the FMLA.

60.     Defendant's decision to terminate Plaintiff's employment is not wholly unrelated to his attempt to exercise FMLA rights.

61.     Defendant's actions in terminating Plaintiff's employment is a tangible adverse job action such that other employees of Defendant might well be dissuaded in the future from seeking to exercise rights made available pursuant to the FMLA.

62.     As a result of Defendant's discriminatory termination decision in violation of the FMLA, Plaintiff has been damaged, suffering loss of pay and benefits.

## VI. COUNT THREE – FLSA – EMERGENCY PAID SICK LEAVE ACT

63.     Plaintiff adopts by reference each and every material averment contained in paragraphs 1 through 62 above as if fully set forth herein.

64.     During the two years preceding the filing of this Complaint, Defendant is an enterprise engaged in commerce or the production of goods in commerce as defined by 29 U.S.C. 203(s)(1).

65. During the two years preceding the filing of this Complaint, Defendant has been a company wherein two or more employees are engaged in interstate commerce and/or whose employees handle and/or work on goods that have been moved in and/or produced in commerce, and/or use the instrumentalities of interstate commerce including the use of telephones, credit cards, and the internet.

66. Defendant's gross annual volume of revenue exceeds $500,000.

67. At all times relevant to this action, Defendant was an employer of Plaintiff as defined by 29 U.S.C. § 203(d).

68. During the three years preceding the filing of this Complaint, Plaintiff, was an employee of Defendant as defined by 29 U.S.C. § 203(e)(1).

69. On July 7, 2020, Plaintiff had been advised by a health care provider to self-quarantine based on the belief that Plaintiff's contracted COVID-19 due to a positive test for the virus.

70. On July 7, 2020, Plaintiff contacted Jessica Lowell and informed her of his positive test for COVID-19.

71. Prior to July 7, 2020, Defendant employed Plaintiff as a full-time employee such that he was normally scheduled to work at least forty hours each week.

72. Defendant failed to pay Plaintiff eighty hours of pay based on his average regular rate of pay as determined by 29 C.F.R. § 826.25.

73.     As the result of Defendant's violation of the FLSA, Plaintiff has been damaged, suffering loss of eighty hours of pay as required by the EPSLA.

## VII. PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully prays for the following relief:

A.     The Court issue proper process to compel Defendant to answer or otherwise plead to the allegations contained in the Complaint;

B.     Grant Plaintiff a permanent injunction enjoining the Defendant, its agents, successors, employees, attorneys and those acting in concert with the Defendant and at the Defendant's request from continuing to violate the terms of the Family and Medical Leave Act and the Emergency Family and Medical Leave Expansion Act;

C.     Enter an Order requiring the Defendant to make Plaintiff whole by awarding reinstatement to the position he would have had, had he not been terminated;

D.     Award him back pay, together with employment benefits, front pay, liquidated damages; special damages; nominal damages;

E.     Plaintiff requests that the Court award Plaintiff equitable relief pursuant to 28 U.S.C. § 2201 and 29 U.S.C. § 2601 *et seq.* that the actions of Defendant violated the law; and,

F.  This Court award Plaintiff the amount of his paid sick leave, liquidated damages equal to the amount of his paid sick leave; nominal damages; and special damages;

G.  That Plaintiff be granted judgment against Defendant for all reasonable attorneys' fees, costs, disbursements and interest; and

H.  For such other and further relief as this Court deems equitable, proper and just.

_____
Allen D. Arnold

**OF COUNSEL:**

ALLEN D. ARNOLD, Attorney at Law
A Member of The Five Points Law Group, LLC
2151 Highland Avenue South, Ste. 205
Birmingham, AL 35205
(205) 252-1550
F: (205) 502-4476
allen@5pointslaw.com

**PLAINTIFF REQUESTS TRIAL BY STRUCK JURY**

_____
OF COUNSEL

**DEFENDANT'S ADDRESS:**
United Bank
c/o Tina N. Brooks
200 East Nashville Avenue
Atmore, AL 36504