# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| FRANK ANZALONE, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : CIVIL ACTION NO. 1:21-cv-14-TFM-M |
| | : |
| UNITED BANK, | : |
| | : |
| Defendant. | : |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is *Defendant's Motion to Dismiss Pursuant to Fed. R. Civ. Pro. 12(b)(6) and Fed. R. Civ. Pro. 12(b)(1)*. Doc. 8, filed March 24, 2021. Defendant United Bank motions the Court to dismiss, pursuant to Fed. R. Civ. P. 12(b)(1) and (6), Plaintiff Frank Anzalone's claims against it. *Id.* Having considered the motion, response, reply, and relevant law, the Court finds the motion to dismiss is due to be **GRANTED IN PART** and **DENIED IN PART**.

## I.     PROCEDURAL AND FACTUAL BACKGROUND

**A.     Procedural Background**

This matter was originally filed by Plaintiff Frank Anzalone ("Anzalone") in this Court on January 7, 2021. Doc. 1. In the Complaint, Anzalone brings three claims against Defendant United Bank ("United Bank"): (1) interference and retaliation in violation of the Emergency Family and Medical Leave Expansion Act ("EFMLEA"),[1] 85 Fed. Reg. 19326-01 (Apr. 6, 2020) (to be

---

[1] Division C of the [Families First Coronavirus Response Act ("FFCRA")], "The Emergency Family and Medical Leave Expansion Act" (EFMLEA), which amends Title 1 of the Family and Medical Leave Act, 29 U.S.C. 2601 *et seq.* (FMLA), permits certain employees to take up to twelve weeks of expanded family and medical leave, ten of which are paid, for specified reasons related to COVID-19.

codified at 29 C.F.R. pt. 826); (2) interference and retaliation in violation of the Family and Medical Leave Act ("FMLA") of 1993, 29 U.S.C. §§ 2601-54; and (3) a violation of the Emergency Paid Sick Leave Act ("EPSLA"),[2] 85 Fed. Reg. 19326-01 (Apr. 6, 2020) (to be codified at 29 C.F.R. pt. 826).

On January 12, 2021, United Bank filed its Waiver of the Service of Summons, pursuant to Fed. R. Civ. P. 4(d)(3). Seventy-one days after United Bank filed its waiver, on March 24, 2021, it filed the instant motion to dismiss, to which Anzalone filed his response, and United Bank its reply. Docs. 8, 10, 12. The motion to dismiss is fully briefed and ripe for review, and the Court finds oral argument unnecessary.

## II. STANDARD OF REVIEW

**A. Fed. R. Civ. P. 12(b)(1)**

A Fed. R. Civ. P. 12(b)(1) motion directly challenges the district court's subject matter jurisdiction. *McElmurray v. Consol. Gov't of Augusta-Richmond Cty.*, 501 F.3d 1244, 1251 (11th Cir. 2007); *Gilmore v. Day*, 125 F. Supp. 2d 468, 470 (M.D. Ala. 2000). The burden of proof for a Fed. R. Civ. P. 12(b)(1) motion is on the party averring jurisdiction. *Gilmore*, 125 F. Supp. 2d at 471 (citing *Thomson v. Gaskill*, 315 U.S. 442, 446, 62 S. Ct. 673, 86 L. Ed. 951 (1942)). A motion to dismiss for lack of subject matter jurisdiction may occur either facially or factually. *Makro v. Capital of Am., Inc. v. UBS AG*, 543 F.3d 1254, 1258 (11th Cir. 2008) (citing *Morrison*

---

85 Fed. Reg. 19326-01, 19326 (Apr. 6, 2020) (to be codified at 29 C.F.R. pt. 826).

[2] "Division E of the FFCRA, 'The Emergency Paid Sick Leave Act' (EPSLA), entitles certain employees to take up to two weeks of paid sick leave." 85 Fed. Reg. 19326-01, 19326 (Apr. 6, 2020) (to be codified at 29 C.F.R. pt. 826).

*v. Amway Corp.*, 323 F.3d 920, 925 n.5 (11th Cir. 2003)); *Stalley v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1232 (11th Cir. 2008) (citing *McElmurray*, 501 F.3d at 1251).

A "facial attack" is based solely on the pleadings and requires the court to assess whether the plaintiff has alleged a sufficient basis for subject matter jurisdiction. *Stalley*, 524 F.3d at 1232-33; *Morrison*, 323 F.3d at 925 n.5; *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990). "On a facial attack, a plaintiff is afforded safeguards similar to those provided in opposing a [Fed. R. Civ. P.] 12(b)(6) motion-the court must consider the allegations of the complaint to be true." *Lawrence*, 919 F.2d at 1529 (citing *Williamson v. Tucker*, 645 F.2d 404, 412 (5th Cir. 1981)); *see also Houston v. Marod Supermarkets*, 733 F.3d 1323, 1335 (11th Cir. 2013) (evaluating whether the plaintiff "has sufficiently alleged a basis of subject matter jurisdiction" in the complaint and employing standards similar to those that govern a Fed. R. Civ. P. 12(b)(6) review). The Court is "not required to accept mere conclusory allegations as true, nor are we required to accept as true allegations in the complaint that are contrary to factual details presented in the exhibits." *Griffin Indus., Inc. v. Irvin*, 496 F.3d 1189, 1205-06 (11th Cir. 2007). "[W]hen the exhibits contradict the general and conclusory allegations of the pleading, the exhibits govern." *Id.* at 1206. When discussing exhibits on a facial attack, the Court may consider exhibits that are attached to the complaint as well as those attached to a motion to dismiss. *Lawrence v. United States*, 597 F. App'x 599, 602 (11th Cir. 2015).[3] Exhibits attached to the complaint are considered part of the complaint for all purposes. *Id.* Further, exhibits attached to a motion to dismiss may be considered

---

[3] In this Circuit, "[u]npublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. R. 36-2 (effective Dec. 1, 2014); *see also Henry v. Comm'r of Soc. Sec.*, 802 F.3d 1264, 1267 n.1 (11th Cir. 2015) (per curiam) ("Cases printed in the Federal Appendix are cited as persuasive authority.").

for a facial attack if the documents are central to the plaintiff's claim and their authenticity is not disputed. *Id.*

On the other hand, a "factual attack" challenges "subject matter jurisdiction in fact, irrespective of the pleadings." *Morrison*, 323 F.3d at 925. On a Fed. R. Civ. P. 12(b)(1) factual attack, the court "may proceed as it never could under 12(b)(6) or Fed. R. Civ. P. 56." *Lawrence*, 919 F.2d at 1529 (citations and internal quotation marks omitted). Further, in resolving a factual attack, the court "may consider extrinsic evidence such as testimony and affidavits." *Makro*, 543 F.3d at 1258 (quoting *Morrison*, 323 F.3d at 925 n.5); *accord Stalley*, 524 F.3d at 1233; *Miccosukee Tribe of Indians of Fla. v. U.S., E.P.A.*, 105 F.3d 599, 603 (11th Cir. 1997) [hereinafter *Miccosukee Tribe*]. "[A] trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case without presuming the truthfulness of the plaintiff's allegations." *Makro*, 543 F.3d at 1528 (citation and internal quotation marks omitted); *see also Willett v. United States*, 24 F. Supp. 3d 1167, 1173 (M.D. Ala. 2014) (stating same). In other words, "the district court should apply a summary judgment standard when ruling on the motion to dismiss as a factual attack on subject matter jurisdiction." *Miccosukee Tribe*, 105 F.3d at 603 (citing *Lawrence*, 919 F.2d at 1530).

However, the Court is not at liberty to weigh the evidence when the factual attack "also implicates an element of the cause of action." *Lawrence*, 919 F.2d at 1529. The Eleventh Circuit has specifically cautioned district courts "should only rely on [Fed. R. Civ. P.] 12(b)(1) if the facts necessary to sustain jurisdiction *do not implicate the merits of plaintiff's cause of action.*" *Morrison*, 323 F.3d at 925 (quoting *Garcia v. Copenhaver, Bell & Assocs.*, 104 F.3d 1256, 1261 (11th Cir. 1997) (internal quotation marks omitted) (emphasis in original).

**B.     Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6)**

Pursuant to Fed. R. Civ. P. 12(b)(6), a defendant may move to dismiss a complaint on the basis that the plaintiff has failed to state a claim upon which relief may be granted.  *See* FED. R. CIV. P. 12(b)(6).  To survive a motion to dismiss, a plaintiff must plead "only enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' [*Twombly*, 550 U.S.] at 570, 127 S. Ct. [at] 1955.  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 556, 127 S. Ct. [at] 1955.").  Since a Fed. R. Civ. P. 12(b)(6) motion questions the legal sufficiency of a complaint, in assessing the merits of the motion, the court must assume that all the factual allegations set forth in the complaint are true. *See, e.g., United States v. Gaubert*, 499 U.S. 315, 327, 111 S. Ct. 1267, 1276, 113 L. Ed. 2d 335 (1991); *Powell v. Lennon*, 914 F.2d 1459, 1463 (11th Cir. 1990); *but see also Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1955) ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").  Moreover, all factual allegations shall be construed in the light most favorable to the plaintiff.  *See, e.g., Brower v. County of Inyo*, 489 U.S. 593, 598, 109 S. Ct. 1378, 1382, 103 L. Ed. 2d 628 (1989).  Obviously, therefore, a district court may not resolve factual disputes when adjudicating a motion to dismiss.  *Page v. Postmaster Gen. and Chief Exec. Officer of the U.S. Postal Serv.,* 493 F. App'x 994, 995 (11th Cir. 2012) (citing, among

other cases, *Lawrence,* 919 F.2d at 1529, for the proposition that, under Fed. R. Civ. P. 12(b)(6), the existence of disputed material facts precludes a district court from granting a motion to dismiss). "'When considering a motion to dismiss . . . the court limits its consideration to the pleadings and all exhibits attached thereto.'" *Thaeter v. Palm Beach Cty. Sheriff's Office,* 449 F.3d 1342, 1352 (11th Cir. 2006) (quoting *Grossman v. Nationsbank, N.A.,* 225 F.3d 1228, 1231 (11th Cir. 2000) (per curiam)); *see also Reese v. Ellis, Painter, Ratterree & Adams, LLP,* 678 F.3d 1211, 1215-16 (11th Cir. 2012) ("Because the Ellis law firm's dunning letter and enclosed documents were attached to the Reeses' complaint as an exhibit, we treat them as part of the complaint for [Fed. R. Civ. P.] 12(b)(6) purposes.").

### III.   DISCUSSION AND ANALYSIS

United Bank argues Anzalone's interference and retaliation claims pursuant to the EFMLEA and FMLA should be dismissed because he has not alleged facts that show he is entitled to leave under those provisions. Further, United Bank argues Anzalone's EPSLA claims should be dismissed for lack of subject matter jurisdiction because that claim is moot. The Court will address United Bank's arguments in turn as to each of Anzalone's claims.

**A.   Count 1 – Interference and Retaliation in Violation of the EFMLEA**

In Anzalone's response to the motion to dismiss, he states he abandons Count 1. Doc. 10 at 2. Accordingly, United Bank's motion to dismiss Count 1, Anzalone's claim for interference and retaliation in violation of the EFMLEA, is granted, and is dismissed without prejudice.

**B.   Count 2 – Interference and Retaliation in Violation of the FMLA**

Under the FMLA:

> [A]n eligible employee shall be entitled to a total of 12 workweeks of leave during any 12-month period for one or more of the following:

> (A)   Because of the birth of a son or daughter of the employee and in order to care for such son or daughter.
>
> (B)   Because of the placement of a son or daughter with the employee for adoption or foster care.
>
> (C)   In order to care for the spouse or a son, daughter, or parent, of the employee, if such spouse, son, daughter, or parent has a serious health condition.
>
> (D)   Because of a serious health condition that makes the employee unable to perform the functions of the position of such employee.
>
> (E)   Because of any qualifying exigency (as the Secretary shall, by regulation, determine) arising out of the fact that the spouse, or a son, daughter, or parent of the employee is on covered active duty (or has been notified of an impending call or order to covered active duty) in the Armed Forces.
>
> (F)   During the period beginning on the date the Emergency Family and Medical Leave Expansion Act takes effect, and ending on December 31, 2020, because of a qualifying need related to a public health emergency in accordance with section 2620 of this title.

29 U.S.C. § 2612(a)(1)(A)-(F). Anzalone claims he is entitled to FMLA leave under sub-section (D) for a "serious health condition that makes the employee unable to perform the functions of the position of such employee." 29 U.S.C. § 2612(a)(D); Doc. 10 at 5-7. "For purposes of FMLA, serious health condition entitling an employee to FMLA leave means an illness, injury, impairment or physical or mental condition that involves inpatient care as defined in § 825.114 or continuing treatment by a health care provider as defined in § 825.115." 29 C.F.R. §825.113. Anzalone argues his condition involved continuing treatment by a health care provider as defined in 29 C.F.R. § 825.115. Doc. 10 at 5-7.

   29 C.F.R. § 825.115 states:

A serious health condition involving continuing treatment by a health care provider includes any one or more of the following:

> (a) Incapacity and treatment. A period of incapacity of more than three consecutive, full calendar days, and any subsequent treatment or period of incapacity relating to the same condition, that also involves:
>
> > (1) Treatment two or more times, within 30 days of the first day of incapacity, unless extenuating circumstances exist, by a health care provider, by a nurse under direct supervision of a health care provider, or by a provider of health care services (e.g., physical therapist) under orders of, or on referral by, a health care provider; or
> >
> > (2) Treatment by a health care provider on at least one occasion, which results in a regimen of continuing treatment under the supervision of the health care provider.
> >
> > (3) The requirement in paragraphs (a)(1) and (2) of this section for treatment by a health care provider means an in-person visit to a health care provider. The first (or only) in-person treatment visit must take place within seven days of the first day of incapacity.
> >
> > (4) Whether additional treatment visits or a regimen of continuing treatment is necessary within the 30-day period shall be determined by the health care provider.
> >
> > (5) The term extenuating circumstances in paragraph (a)(1) of this section means circumstances beyond the employee's control that prevent the follow-up visit from occurring as planned by the health care provider. Whether a given set of circumstances are extenuating depends on the facts. For example, extenuating circumstances exist if a health care provider determines that a second in-person visit is needed within the 30-day period, but the health care provider does not have any available appointments during that time period.

29 C.F.R. § 825.115(a)(1)-(5).

Anzalone argues his health condition included "incapacity and treatment" as defined in 29 C.F.R. § 825.115(a)(1) and (2) because he was unable to perform work and was ordered to quarantine until he received a negative COVID-19 test result. Doc. 10 at 5-7. "Incapacity" is defined in the applicable federal regulations as an "inability to work, attend school or perform other regular daily activities due to the serious health condition, treatment therefore, or recovery therefrom." 29 C.F.R. § 825.113. "Treatment" is defined in the applicable federal regulation:

> Treatment includes (but is not limited to) examinations to determine if a serious health condition exists and evaluations of the condition. Treatment does not include routine physical examinations, eye examinations, or dental examinations. A regimen of continuing treatment includes, for example, a course of prescription medication (e.g., an antibiotic) or therapy requiring special equipment to resolve or alleviate the health condition (e.g., oxygen). A regimen of continuing treatment that includes the taking of over-the-counter medications such as aspirin, antihistamines, or salves; or bed-rest, drinking fluids, exercise, and other similar activities that can be initiated without a visit to a health care provider, is not, by itself, sufficient to constitute a regimen of continuing treatment for purposes of FMLA leave.

29 C.F.R. § 825.113(c).

United Bank argues Anzalone's positive test for COVID-19, by itself, does not entitle him to leave under the FMLA. Doc. 8-1 at 4-5. Specifically, United Bank argues Anzalone's positive COVID-19 test did not mean he suffered from a "serious health condition" as defined by the applicable federal regulation because "the taking of over-the-counter medications" and "other similar activities that can be initiated without a visit to a health care provider, is not, by itself, sufficient to constitute a regimen of continuing treatment for the purposes of FMLA leave." *Id.* (quoting 29 C.F.R. § 825.113(c)). In response, Anzalone argues he suffered a "serious health condition" because he sought in-person treatment from a health care provider and was ordered to quarantine, and not return to work, until he received a negative COVID-19 test. Doc. 10 at 5-7.

In Anzalone's Complaint, he claims "[o]n July 6, 2020, [he] sought treatment from the Thomas Hospital Emergency Room," "[t]he Thomas Hospital Emergency Room staff informed [him] not to return to work until July 8, 2020 and to only return if he received a negative COVID-19 test," and "[o]n July 7, 2020, [he] had been advised by a health care provider to self-quarantine based on the belief that [he had] contracted COVID-19 due to a positive test for the virus." Doc. 1 ¶¶ 24, 26, 27.

To determine whether Anzalone suffered from a "serious health condition" as defined by

the FMLA, the Court will, first, apply Anzalone's claims to 29 U.S.C. § 825.115(a)(1).  The Court notes Anzalone only claims one visit to a health-care provider and does not claim a second, despite the implication that a second visit would occur to administer a follow-up COVID-19 test.  Of course, the Court is limited to Anzalone's claims in his Complaint, so the Court cannot infer a second visit occurred.  Therefore, Anzalone did not suffer from a "serious health condition" as defined by 29 U.S.C. § 825.115(a)(1), so the Court will apply Anzalone's claims to 29 U.S.C. § 825.115(a)(2).[4]  Again, Anzalone claims one visit to a health-care provider, who administered a COVID-19 test, which leaves the question of whether his visit resulted in a regimen of continuing treatment.  The regulations provide examples of what are and are not a regimen of continuing treatment.  Anzalone claims he was told by a health care provider to quarantine, which is not specifically mentioned in the regulations, but could be argued is a type of regimen to address a virus like COVID-19.  Of course, a quarantine can be initiated without a visit to a health care provider and would mean Anzalone's quarantine would not be a regimen of continuing treatment.  Anzalone does not claim he was prescribed a regimen of treatment or therapy that was an order of magnitude more serious than a course of over-the-counter medications or bed rest.

---

[4] The Court's conclusion that Anzalone did not suffer from a "serious health condition" as defined by 29 U.S.C. § 825.115(a)(1) is not a final ruling on the matter, merely a determination that is based on the pleadings and for the purposes of this memorandum opinion and order .  *Vintilla v. United States*, 931 F.2d 1444, 1447 (11th Cir. 1991) ("[A] court's previous rulings may be reconsidered as long as the case remains within the jurisdiction of the district court. Consequently, law of the case applies only where there has been a final judgment.") (internal quotation marks and citation omitted); *see FDIC v. Stahl*, 89 F.3d 1510, 1514 n.7 (11th Cir. 1996) (concluding that the district court erred by declining to revisit its earlier ruling on a legal standard because "the denial of Defendants' motion to dismiss was not a final judgment, [so] the decision regarding the standard of care was not the law of the case").

However, the Court does not have sufficient evidence before it to dismiss this matter at this stage of the litigation. The Court is obliged to construe all factual allegations in the light most favorable to the plaintiff. *See, e.g., Brower*, 489 U.S. at 598, 109 S. Ct. at 1382. Further, Anzalone is obliged to plead "only enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 at 570, 127 S. Ct. at 1974. As such, Anzalone was not required to plead facts that would show he received a regiment of continuing treatment. *See Mays v. RHA Health Servs., LLC*, Civ. Act. No. 1:21-cv-01077-STA-jay, 2021 U.S. Dist. LEXIS 164768, at *10-11, 2021 WL 3909674, at *4 (W.D. Tenn. Aug. 31, 2021) (denying the defendant's motion to dismiss because the plaintiff "was not required to plead her complaint with any great deal of specificity that may reveal additional facts establishing whether she received a regiment of continuing treatment"). Therefore, United Bank's motion to dismiss is denied as to its argument that Anzalone did not suffer from a "serious health condition" as defined in 29 C.F.R. § 825.113 and 825.115(a).

As to Anzalone's argument that, even if his quarantine order is not found to be a "serious health condition," United Bank did not provide him notice of the deficiency of his request for FMLA leave and allow him an opportunity to cure, such an opportunity to cure is contingent on whether the employer requires a health care provider of the employee to certify their serious health condition incident to a request by the employee for FMLA leave. Doc. 10 at 7-11.

> An employer may require that an employee's leave . . . due to the employee's own serious health condition that makes the employee unable to perform one or more of the essential functions of the employee's position be supported by a certification issued by the health care provider of the employee.

29 C.F.R. § 825.305(a).

> The employee must provide a complete and sufficient certification to the employer if required by the employer . . . . The employer shall advise an employee whenever the employer finds a certification incomplete or insufficient, and shall state in

> writing what additional information is necessary to make the certification complete and sufficient.

29 C.F.R. § 825.305(c).  Here, Anzalone does not claim United Bank requested any certification of his serious health condition that would entitle him to a notice of deficiency and an opportunity to cure.

Accordingly, United Bank's motion to dismiss Count 2, Anzalone's claim for interference and retaliation in violation of the FMLA, is denied.

**C.     Count 3 –Violation of the EPSLA**

United Bank argues Anzalone's claim that he is entitled to eighty (80) hours of sick leave due to his positive COVID-19 test is moot because he had already been paid for eighty (80) hours of sick leave for an illness that he contracted in April 2020, and was not entitled to additional paid sick leave under the EPSLA.  Doc. 8-1 at 6-7.  In response, Anzalone argues United Bank has presented documents outside of the Complaint to support its argument.  Doc. 10 at 12.  Further, Anzalone argues United Bank exercised EPSLA rights on behalf of Anzalone, even though his doctor's "Return to Work or School" note states he suffered from an "upper resp [sic] infection/bronchitis" and was "advised to avoid public," which is not covered by the EPSLA.  *Id.* at 12-14.  Finally, Anzalone argues he received the EPSLA paid sick leave before it was enacted and he may now have an affirmative defense of setoff.  *Id.* at 14-15.

United Bank states "mootness is a jurisdictional issue that must be resolved at the threshold."  Doc. 8-1 at 5 (quoting *Fla. Ass'n of Rehab Facilities, Inc. v. State of Fla. Dep't of Health and Rehab. Servs.*, 225 F.3d 1208, 1227 n.14 (11th Cir. 2000) (citation omitted)).

> Under Article III of the Constitution, federal courts may adjudicate only actual, ongoing cases or controversies. *Deakins v. Monaghan*, 484 U.S. 193, 199, 108 S. Ct. 523, 528, 98 L. Ed. 2d 529 (1988); *Preiser v. Newkirk*, 422 U.S. 395, 401, 95 S. Ct. 2330, 2334, 45 L. Ed. 2d 272 (1975).  To invoke the jurisdiction of a federal court, a litigant must have suffered, or be threatened with, an actual injury traceable

to the defendant and likely to be redressed by a favorable judicial decision, *Allen v. Wright*, 468 U.S. 737, 750-751, 104 S. Ct. 3315, 3324, 82 L. Ed. 2d 556 (1984); *Valley Forge Christian College v. Americans United for Separation of Church & State, Inc.*, 454 U.S. 464, 471-473, 102 S. Ct. 752, 757-59, 70 L. Ed. 2d 700 (1982). Article III denies federal courts the power "to decide questions that cannot affect the rights of litigants in the case before them," *North Carolina v. Rice*, 404 U.S. 244, 246, 92 S. Ct. 402, 404, 30 L. Ed. 2d 413 (1971), and confines them to resolving "'real and substantial controvers[ies] admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts.'" *Ibid.* (quoting *Aetna Life Insurance Co. v. Haworth*, 300 U.S. 227, 241, 57 S. Ct. 461, 464, 81 L. Ed 617 (1937)).

*Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477, 110 S. Ct. 1249, 1253, 108 L. Ed. 2d 400 (1990).

Anzalone claims he did not receive paid sick leave, pursuant to the EPSLA, for his quarantine that he was told to begin on July 7, 2020, while United Bank argues he was not entitled to such paid sick leave because he had already exhausted what he was entitled to pursuant to the EPSLA. The issue of whether Anzalone is entitled to such paid sick leave is still an issue of fact for the Court to decide and is not moot. United Bank's evidence to support its argument that Anzalone exhausted the paid sick leave that he was entitled to pursuant to the EPSLA would be more appropriately presented in a motion for summary judgment pursuant to the Fed. R. Civ. P. 56. Therefore, United Bank's motion to dismiss Count 3, Anzalone's claim for violation of the EPSLA, is denied.

## IV.  CONCLUSION

Accordingly, Defendant United Bank's Motion to Dismiss Pursuant to Fed. R. Civ. Pro. 12(b)(6) and Fed. R. Civ. Pro. 12(b)(1) (Doc. 8) is **GRANTED IN PART** and **DENIED IN PART**. The motion to dismiss is **GRANTED** as to Count 1, interference and retaliation in violation of the EFMLEA, is **DISMISSED without prejudice**, and the motion to dismiss is **DENIED** as to Counts 2 and 3.

**DONE** and **ORDERED** this 8th day of October 2021.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES DISTRICT JUDGE